### In re ATLANTIC INTERNATIONAL MORTGAGE COMPANY, Debtor.

**Steven S. Oscher, Liquidating Trustee for Atlantic International Mortgage Company, Plaintiff,**

v.

**The Solomon Tropp Law Group, P.A., et al., Defendants.**

Bankruptcy No. 8:00–bk–18057–ALP.
Adversary No. 8:02–ap–00963–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 9, 2007.

Geoffrey S. Aaronson, Adorno & Yoss LLP, Miami, FL, for Debtor.

Karen Cox, Jeffrey W. Warren, Bush Ross, P.A., Tampa, FL, for Plaintiff.

Steven S. Oscher, Tampa, FL, pro se.

F. Lorraine Jahn, Stanford R. Solomon, The Solomon Tropp Law Group, PA, Michael J. McGirney, Sangeeta Philip Spengler, Marshall, Dennehey, Warner, Mindy L. Miller, Tampa, FL, Michael Obringer, Mashall, Dennehey, Warner, et al, Jacksonville, FL, Ira M. Seidler, St. Petersburg, FL, for Defendants.

American Investors Mortgage Corp., pro se.

COMBINED ORDER ON THE SOLOMON TROPP LAW GROUP, P.A.'S AMENDED VERIFIED MOTION FOR SUMMARY JUDGMENT ON COUNTS II, III, VII, AND XVII–XIX; (Doc. No. 463), AND MOTION FOR SUMMARY JUDGMENT ON NON–CORE CLAIMS ON LEGAL AND EQUITABLE GROUNDS INCLUDING THE IMPUTATION OF ATLANTIC'S OFFICERS' *WRONGDOING TO THE TRUSTEE.(Doc. No. 461)*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The Motions under consideration were filed in the above-captioned adversary proceeding commenced by the liquidating trustee Stephen S. Oscher (Trustee), naming multiple defendants including the Solomon Tropp Law Group, P.A., (the Law Firm).

Both Motions are filed by the Law Firm. The Amended Verified Motion for Summary Judgment (First Motion)(Doc. No.463) challenges the claims set forth in Counts II, III, VII, XVII, XVIII, and XIX of the Amended Complaint. The Motion for Summary Judgment on Non-core Claims on Legal and Equitable Grounds (Doc. No. 461)(Second Motion) is directed to Counts XVII, XVIII, and XIX of the Amended Complaint. The Court has ruled in part on the First Motion as pertaining to the claims set forth in Counts II, III, and VII, granting the Law Firm's Motion as to Counts III and VII—with leave to the Trustee to amend Count VII—and denying it with respect to the claim in Count II for turnover of property of the estate. This leaves for resolution the Second Motion and the portion of the First Motion directed towards the claims set forth in Counts XVII, XVIII, and XIX for breach of fiduciary duty, aiding and abetting

breach of fiduciary duty, and professional negligence.

The claims in Counts XVII, XVIII, and XIX, referred to by the Law Firm as "non-core claims," are attacked by the Law Firm, which contends that the facts relevant to the resolution of the issues raised are without dispute and the Law Firm is entitled to judgment as a matter of law. The Law Firm contends that the Trustee is barred by the doctrine of *in pari delicto,* which prohibits a party from recovering damages arising from misconduct for which the party bears responsibility. The Law Firm primarily relies on the case of *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards,* 437 F.3d 1145, 1151–52 (11th Cir.2006), where the Third Circuit held that the defense of acting *in pari delicto* may be asserted against a bankruptcy trustee. Accordingly, the Law Firm asserts that all the fraudulent activities of the principals of the Debtor must be imputed to the Debtor, and in turn the Trustee, who stands in the shoes of the Debtor company.

In further support of this claim the Law Firm contends that the record facts permit one conclusion only: the fraud for which the Trustee seeks to recover was committed by and for the benefit of Atlantic. As a result, the fraudulent transactions of the insiders must be imputed to Atlantic because their scheme targeted outsiders and benefited the very actor who committed the tort, which is the Debtor, Atlantic.

In addition, it is the contention of the Law Firm that the Trustee does not have standing to raise these claims because the Trustee is only permitted to assert the rights and claims available to the Debtor company, and doesn't have standing to bring claims that belong to specific creditors, such as the victims of the fraud committed by the insiders. The Law Firm cites *E.F. Hutton & Co. v. Hadley,* 901 F.2d 979, 986 (11th Cir.1990), in support of their argument that the Trustee lacks standing. This case stands for the proposition that the trustee does not have standing to sue a third party on claims belonging to the debtor's creditors. Also cited by the Law Firm is the case, *Shearson Lehman Hutton v. Wagoner,* 944 F.2d 114 (2d Cir.1991), which held that the bankruptcy trustee did not have standing because the claims accrued to the creditors, not the debtor corporation. The *Wagoner* ruling was followed in the case *Official Comm. Of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.),* 343 B.R. 444, 478 (Bankr. S.D.N.Y.2006). In this case the claims against the debtor's financial advisor were dismissed under the *in pari delicto* doctrine. The committee of unsecured creditors unsuccessfully argued that the directors' wrongdoing should not be imputed to the debtor because the directors were acting outside the scope of their employment or engaged in self-dealing and, therefore, had an interest adverse to the corporation. The Court held that the committee's asserted defense to the *in pari delicto* doctrine did not apply where the corporation's sole shareholder totally controlled and subverted the board of directors. *Id.* at 479.

The Trustee filed a response to the Motions filed by the Law Firm. (Doc. No. 481). In his Motion, entitled *Response in Opposition to the Solomon Tropp Law Group, P.A.'s Motion for Summary Judgment Based on the In Pari Delicto Defense and Standing,* the Trustee contends that it is improper to deal with the issues in a summary fashion, citing the case of *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), which holds that a non-movant's evidence is to be believed and all justifiable inferences are to be drawn in its

favor. The Trustee also cites the case of *Easterwood v. CSX Transportation, Inc.,* 933 F.2d 1548, 1557 (11th Cir.1991), in which the court held that if reasonable minds might differ on the inferences arising from undisputed facts, the Court should deny summary judgment. In addition, the Trustee points out that the claims in Counts XVII–XIX, referred to as the "breach of duty" claims, concern the Law Firm's duty to Atlantic, and are wholly independent of the criminal conduct of Livingston, Brown, and Masi, the principals of the corporation who instigated the bank fraud.

The Trustee contends that the Law Firm's Motion largely relies on the testimony of Livingston, Brown, and Masi, who professed their intent only to benefit the company with their criminal activities, without thought of personal gain. The Trustee points out the abundant evidence to the contrary and contends that the self-serving testimony of three convicted felons lacks credibility and cannot support a Summary Judgment. The Trustee relies on the proposition consistently held by courts that matters relating to the parties' intent are inappropriate for disposition by Summary Judgment. *In re Assevero,* 185 B.R. 951, 958 (Bankr.N.D.Ga.1995) and *Chanel Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1476 (11th Cir. 1991).

█ Having considered the record and the contentions of the parties, while the Law Firm's allegations and the claims facially appear to have merit, this Court is satisfied that it is improper to dispose of this matter by granting the Motions for Summary Judgment for the following reasons. First, whether or not the conduct of Livingston and the Law Firm acting in concert was for the purpose of utilizing corporate funds for their own interests must be determined. Second, whether the

Law Firm's conduct supports the claim for breach of fiduciary duty and the claim based on professional negligence remains unresolved.

This Court is satisfied that, notwithstanding the claimed defense of *in pari delicto,* any recovery by the Trustee will not benefit the guilty parties, but will instead benefit the creditors of Atlantic. Nor will the shareholders of Atlantic's holding company benefit from any recovery because they will not receive any distribution under the confirmed plan.

█ Equally, this record would not permit a summary disposition of the contention that the Trustee has no standing to bring the breach of duty claims. It is clear that the Trustee, as representative of the estate, succeeds in the rights of the Debtor in bankruptcy and has standing to bring any suit that the Debtor corporation could bring outside of bankruptcy. *See Edwards,* 437 F.3d at 1149. (citing *O'Halloran v. First Union National Bank of Fla.,* 350 F.3d 1197, 1202 (11th Cir.2003)).

In sum, this Court is satisfied that the suit filed by the Trustee is not to recover on claims belonging to the defrauded victims, but for the benefit of the entire estate, thus the *E.F. Hutton* holding is inapplicable. Based on the foregoing, the Law Firm's Motions for Summary Judgment as to Counts XVII, XVIII, and XIX shall be denied. Accordingly, it is hereby

ORDERED, ADJUDGED and DE-CREED, that the Solomon Tropp Law Group, P.A.'S Amended Verified Motion For Summary Judgment On Counts II, III, VII, and XVII–XIX, (Doc. No. 463) be, and the same is hereby Denied with respect to Counts XVII–XIX. It is further

ORDERED, ADJUDGED and DE-CREED, that the Solomon Tropp Law Group, P.A.'S Motion For Summary Judgment on Non–Core Claims on Legal and

Equitable Grounds Including the Imputation of Atlantic's Officers' Wrongdoing to the Trustee, (Doc. No. 461) be, and the same is hereby Denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a pre-trial conference shall be held on *March 27*, 2007, beginning at *10:00* a.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to prepare the matter for final evidentiary hearing.

DONE AND ORDERED.